COHEN BROS. v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

Decided December 3, 1906.

**1.—Pleading—General Denial.**

In a suit against a railroad company for the value of six cases of shoes which plaintiffs alleged they delivered to defendant for transportation from B. to H., and which were never delivered or accounted for by defendant, the defendant answered by general denial, and by special plea under oath in which it admitted issuing a bill of lading for 55 cases of shoes, but averred that in fact only 49 cases were delivered to it by plaintiffs, and the issuance of the bill of lading for 55 cases was induced by the fraud of the plaintiffs. Held, that by virtue of the general denial evidence was admissible that the bill of lading was issued for 55 instead of 49 cases of shoes through mistake of defendant's agent, and that it never received 55 cases from plaintiffs.

**2.—Bill of Lading—Nature of.**

A bill of lading is twofold in character; it is a receipt for the goods and it is a contract to carry and deliver the same. In its character of receipt it may be contradicted like any other receipt.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*C. E. and A. E. Heidingsfelder* and *Hogg, Watkins & Jones,* for appellant.—In a suit against a railroad company for failure to deliver six cases of shoes receipted for in bill of lading, the only defense made by the pleadings being that of fraudulent misrepresentations of shippers in procuring the issuance of the bill of lading, it is error for the court, over the objections of the plaintiffs, to admit testimony of the defendant that the bill of lading was issued by reason of the mistake of the agent of the defendant in counting the cases of shoes, there being no mistake pleaded in the case. Arnold v. Jones, 26 Texas, 335; Wells Fargo Ex-

press v. Fuller, 23 S. W. Rep., 413; St. Louis S. W. Ry. v. Cates, 15 Texas Civ. App., 135; Lanes v. Squyres, 45 Texas, 382; Building & Loan Assn. v. Ham, 36 S. W. Rep., 314; Soell v. Hadden, 85 Texas, 187; Rowe v. Horton, 65 Texas, 89; Robertson v. Smith, 11 Texas, 211; Kuhlman v. Baker, 50 Texas, 630; Smith v. Fly, 24 Texas, 353.

*Baker, Botts, Parker & Garwood,* for appellee.

REESE, Associate Justice.—This is a suit by Cohen Bros., a firm composed of H. Cohen and W. Cohen, to recover of the Missouri, Kansas & Texas Railway Company of Texas the sum of $1,314.25, the value of six cases of shoes alleged to have been delivered by plaintiffs to defendant at Brookshire, Texas, for carriage to Houston, Texas. It is alleged that plaintiffs delivered to defendant at Brookshire for carriage to Houston 55 cases of shoes, and that when the car arrived at Houston the shipment was six cases short, only 49 cases being delivered to plaintiffs. The value of the six cases is alleged to be $1,314.25.

Defendant answered by general denial, and by special plea under oath admitted the issuance of the bill of lading for 55 cases of shoes, with regard to which the following allegations are made: "The defendant admits that it issued a bill of lading for 55 cases of boots and shoes and that the car contained only 49 cases of same when it reached Houston, but says that there were not more than 49 cases delivered to it at Brookshire, and that the reason said bill of lading and other papers were issued for 55 cases was that the plaintiff in this case attempted to defraud this defendant and represented to the agent at Brookshire falsely and fraudulently that he had hauled 55 cases to the depot and placed that many cases in the car and on the depot platform, when in fact he had delivered only 49 cases and induced the said agent to sign a bill of lading for more goods than were delivered; that the number of cases actually delivered to the defendant at Brookshire to be carried to Houston was 49 and not 55 cases, and the defendant carried and delivered that number to plaintiff."

Upon trial with a jury there was a verdict for defendant and from the judgment plaintiffs appeal.

Various assignments of error present in different forms the proposition that the appellee having alleged in its answer, by way of defense, that the execution of the bill of lading for 55 cases of shoes having been procured by the fraudulent representations of appellant, appellee should not have been allowed to prove that it was in fact issued by mistake of the agent, and that there being no evidence of fraud on the part of appellants inducing or procuring the execution of the bill of lading for a greater number of cases than had been delivered to appellee, the jury should have been instructed to return a verdict for appellants. Appellants are in error as to both contentions. In the first place appellee could properly, under its general denial, show that it had not in fact received 55 cases of shoes, as called for in the bill of lading, but only 49 cases, which was the number delivered by it to appellants at Houston. Appellants' cause of action was based upon the fact that the 55 cases had been delivered for shipment. Appellee had a right to show, notwithstanding the bill of lading, which was only, in this respect, a receipt for the goods, that

only 49 cases had been so delivered. This necessarily involved the fact that the bill of lading, as a receipt for so many cases, had been executed by mistake. A bill of lading is two fold in character. It is a receipt as to the quantity and description of the goods shipped, and a contract to carry and deliver the goods to the consignee upon the terms specified in the instrument. While it may not be varied by parol evidence (in the absence of fraud or mistake) so far as it embodies the terms of the contract, yet, so far as it constitutes a receipt, it is, like other receipts, subject to be contradicted or explained by proof of the facts. (4 Am. and Eng. Ency. Law, 526; 6 Cyc., 421, citing cases; House v. Holland, 15 Texas Ct. Rep., 544.) The bill of lading as a receipt establishes *prima facie* the receipt of the quantity of goods named by the carrier, having in that regard the same effect as parol testimony as to that fact, which may be overthrown by proper evidence contradicting the fact, and this may be done under the general denial.

We are further of the opinion, however, that there was direct evidence of the fraud, and also that the special plea of appellee fairly sets up the defense of mistake. The two elements of fraud on the part of appellants and mistake on the part of appellee's agent are so mixed and dependent, the one upon the other, that they can not well be separated. The mistake of the agent was induced by the fraud of the appellants, as shown by the evidence. The agent testified that six cases of the goods were delivered first which were checked off by him, that when the other 43 cases were delivered he by mistake checked these six cases with them again, making the checking show 55 cases instead of 49; that Cohen saw him count them into the car and he then asked Cohen how many cases he had, to which Cohen replied, that there were 55 cases. As this corroborated the agent's check he thereupon made out the bill of lading for 55 cases. If, as the jury found, there were in fact only 49 cases delivered, this statement of Cohen to the agent was a manifest fraud, and it is none the less so that the mistake in the checking had been made by the agent. The evidence tends to show that the mistake of the agent was seen by Cohen and suggested the false statement as to the number of cases. The evidence both as to the mistake and the fraud, or combined mistake and fraud, was admissible under the special plea. The jury by their verdict found that it was true. Their conclusion is amply supported by the evidence. There is no error in the record, and the judgment is affirmed.

*Affirmed.*