GULF, C. & S. F. RY. CO. v. LOWERY.

(Court of Civil Appeals of Texas. Austin. March 5, 1913. Rehearing Denied April 23, 1913.)

1. CARRIERS (§ 52*)—DELIVERY TO CARRIER.

Issuance of a bill of lading by a carrier is prima facie, but not conclusive, evidence of a delivery of the goods to the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 109, 150–161, 163, 164; Dec. Dig. § 52.*]

2. CARRIERS (§ 41*)—"DELIVERY" TO CARRIER —WHAT CONSTITUTES.

In order to constitute a delivery of goods to a carrier for transportation, complete control of them must be given to the carrier; i. e., the owner must not retain any manner of control over the goods, and, if any one else retains

such control, it must be as the agent of the carrier, and not of the shipper.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 102–106; Dec. Dig. § 41.*

For other definitions, see Words and Phrases, vol. 2, pp. 1958–1970; vol. 8, p. 7632.]

3. CARRIERS (§ 176*)—DELIVERY OF GOODS TO CARRIER—CAR LOAD FREIGHT.

Where a connecting carrier had delivered a car of corn on a side track which it controlled jointly with defendant company, which was to continue the transportation, and such connecting carrier's agent stated that it had no charges against the car, whereupon defendant's agent received the car at that place as he was authorized to do, he had no right thereafter to refuse to ship out the car because the connecting carrier thereafter objected, and by doing so defendant became a joint tort-feasor with the connecting carrier, and liable to plaintiff for damages sustained by reason of the delay in the shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 766–774; Dec. Dig. § 176.*]

Appeal from McLennan County Court; Sam E. Stratton, Special Judge.

Action by L. F. Lowery against the Gulf, Colorado & Sante Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and Spell & Sanford, of Waco, for appellant. Jas. P. Alexander and Frank T. West, both of Waco, for appellee.

Findings of Fact.

JENKINS, J. Appellee shipped a car load of corn (52,000 pounds) from Verden, Okl., to Orange, Tex., consigned to Webster & Co., shipper's order, and drew on Webster & Co. through the bank at Verden with bill of lading attached. On account of delay in the shipment Webster & Co. declined to receive the corn. On February 21, 1910, appellee made an agreement with the agent of the Orange & Northwestern Railway Company, at Orange, Tex., by which road the corn had arrived, to release said car, so that the same could be shipped to McGregor over appellant's road. Appellee, in compliance with the demand of the Orange & Northwestern Road deposited in the bank at Orange $500 to indemnify road on account of releasing said car without the bill of lading, the same having been returned to the bank at Verden, and gave the agent of the Orange & Northwestern Road a check on the bank at Orange for the amount of the freight then due. Thereupon the agent of the Orange & Northwestern Road stated to appellee and to the agent of appellant at Orange, in the presence of appellee, that he had no further charges against said car, and that the same was released; and the agent of appellant thereupon gave appellee a bill of lading for said car of corn to be shipped at once to McGregor, Tex., and later on the same day informed appellee that said car had been shipped to McGregor. The bank at Orange, upon presentation of the check for freight by the Orange

& Northwestern Company's agent, did not refuse to pay the same, but asked that it be held up until they could get further advices from a Gatesville bank, said deposit of $500 having been placed to appellee's credit at the instance of said Gatesville bank. The agent of the Orange & Northwestern Road informed the agent of appellant as to this matter, and told him not to ship said car out until the Gatesville bank could be heard from. This caused a delay in the payment of said draft for freight of two days, at the expiration of which time the agent of the Orange & Northwestern Road informed appellant's agent that he had been instructed by the auditor of said Orange & Northwestern Road not to allow said car to be shipped out until he received the original bill of lading from Verden. This situation continued until March 5th, when Webster & Co. attached said corn. This attachment was released on March 28th, on which date the agent of the Orange & Northwestern Road informed the agent of appellant that he made a claim for demurrage on said car, and demanded the payment of the same before said car was shipped out. On April 20th appellee returned the bill of lading for the shipment of said car to McGregor to appellant's agent at Orange, and instructed him to send said car to Houston. Said car finally arrived at Houston on May 6th, and there was found to be a shortage in said corn of 20,740 pounds, and the market price of the corn at Houston and also at McGregor on the day said corn arrived at Houston had declined 21 cents per bushel.

At the time appellant issued its bill of lading, the car of corn was standing on a track owned by the Orange & Northwestern Railroad Company, but used jointly by said company and appellant. There was no misrepresentation or concealment on the part of appellee, and the agent of the Orange & Northwestern Road, with a knowledge of all the facts, released said car to appellant, and appellant was put in possession of said car, and had such possession at the time it issued its bill of lading for shipment of said corn to McGregor. Appellee went to McGregor for the purpose of receiving and disposing of his corn, and made frequent inquiries of appellant's agent at that place as to why his corn did not arrive; and was never informed as to the cause of such delay until the 20th day of April, 1910, at which time he had said corn reshipped over appellant's road to Houston. There was a judgment in favor of appellee for $400, the amount of which is fully sustained by the evidence.

## Opinion.

[1] The controlling issue in this case is as to whether or not the car of corn was delivered to appellant at the time it issued its bill of lading for the shipment of said car to McGregor. A bill of lading is prima facie, but not conclusive, evidence of delivery.

155 S.W.—63

"Such instruments are both receipts and contracts. So far as they acknowledge the delivery and acceptance of the goods, they are mere receipts." Hutchinson on Carriers, § 157. See, also, section 158, Id.; Railway Co. v. Fennell, 79 Tex. 448, 15 S. W. 693; Cohen v. Railway Co., 44 Tex. Civ. App. 381, 98 S. W. 437.

[2] In order to constitute a delivery, complete control of the goods must be given to the carrier; that is to say, the owner must not retain any manner of control over the goods, and, if any one else retains such control, it must be as the agent of the carrier, and not as the agent of the shipper. Hutchinson on Carriers, §§ 105, 106; Railway Co. v. Insurance Co., 39 S. W. 975. In Railway Co. v. Trawick, 80 Tex. 274, 15 S. W. 568, 18 S. W. 948, and Railway Co. v. Pasture Co., 5 Tex. Civ. App. 186, 23 S. W. 754, it was held that the delivery of cattle in the pens of a railway company was a delivery to such company. In Railway Co. v. Pool, 10 Tex. Civ. App. 682, 31 S. W. 689, it was held that, if by agreement of the parties the goods to be shipped were deposited at a particular place, this would amount to a delivery to the carrier. Goods may be received at any place where an agent, duly authorized, may agree to receive them; and in such cases liability of the carrier commences at the moment of such acceptance. Hutchinson on Carriers, § 120.

[3] In the instant case, the car of corn was delivered upon a railway track under the control of appellant jointly with the Orange & Northwestern Ry. Co. The agent of appellant received said car at said place, and he was authorized so to do, and it was its duty to ship said car, notwithstanding the objections made by the agent of the Orange & Northwestern Railway Company. Said company had no right to make such objections; it had delivered the car to the appellee and to the agent of the appellant, and had stated to them that it had no charges against said car, and it was estopped, as against appellant, from claiming any control of said car. We do not think that appellant can be excused from performing its legal duty to ship out said car, merely for the reason that another party objected to its doing so, especially as said party had no legal right to make such objection. The prevention of such shipment by the Orange & Northwestern Railway Company was a tort, as appellant must have known; and appellant, by acquiescing therein, and by not notifying appellee of the action of the Orange & Northwestern Railway Company, became a cotortfeasor with said Orange & Northwestern Railway Company, and became liable to appellee for the damages sustained by him by reason of the delay in such shipment.

This issue was raised by appellant's first assignment of error as to the refusal of the court to peremptorily instruct the jury to return a verdict for appellant, the request

for such instruction being based upon the theory that the undisputed evidence showed that the corn was never delivered to appellant. We think that the undisputed evidence shows that the corn was delivered to appellant.

There is no merit in appellant's other assignments of error.

For the reasons herein given, the judgment of the trial court is affirmed.

Affirmed.