MISSOURI, K. & T. RY. CO. et al. v. WATSON et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 29, 1913. Rehearing Denied May 3, 1913.)

1. CARRIERS (§ 58*)—CARRIAGE OF GOODS — BILL OF LADING—RIGHTS OF TRANSFEREE.

Under a bill of lading providing that the carrier would not be liable for any fault of the shipper or discrepancy in weight, it was not liable to the transferee of the shipper's draft with bill of lading attached, for the amount overpaid on account of such discrepancy.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 179–190; Dec. Dig. § 58.*]

2. CARRIERS (§ 69*)—CARRIAGE OF GOODS — BILL OF LADING—ACTION BY TRANSFEREE—EVIDENCE.

Evidence, in an action against a carrier for the amount overpaid by plaintiff upon a draft with bill of lading attached, showing a shipment of 62,000 pounds of corn when in fact the car contained but 46,000 pounds, held to show that the bill of lading truly indicated the amount delivered for carriage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 217–219, 222, 228, 230, 232–239; Dec. Dig. § 69.*]

3. CARRIERS (§ 69*)—CARRIAGE OF GOODS—ACTION BY TRANSFEREE OF BILL OF LADING—EFFECT OF SHIPMENT.

In an action against a carrier for the amount overpaid by plaintiff upon a draft with bill of lading attached showing a shipment of 62,000 pounds of corn when in fact the car when unloaded contained but 46,000 pounds, tried before the court without a jury and with-

out any finding of fact, a judgment generally for plaintiff was not a finding that but 46,000 pounds were originally delivered to plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 217–219, 222, 228, 230, 232–239; Dec. Dig. § 69.*]

4. APPEAL AND ERROR (§ 934*)—REVIEW — PRESUMPTIONS IN AID OF JUDGMENT.

On appeal in an action tried without a jury and without any finding of fact, every reasonable intendment of the evidence must be indulged in aid of the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. § 934.*]

Appeal from Young County Court; E. W. Fry, Judge.

Action by A. C. Watson and others against the Missouri, Kansas & Texas Railway Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Spoonts, Thompson & Barwise, of Ft. Worth, and Arnold & Arnold, of Graham, for appellants. J. E. Simpson, of Graham, Theo. Mack, of Ft. Worth, and C. W. Johnson, of Graham, for appellees.

CONNER, C. J. On appeal from a justice court, appellees recovered a judgment against appellants for the sum of $150.90; this sum being the amount overpaid by them upon a draft with bill of lading attached showing a shipment of 61,890 pounds of corn from Rentisville, Okl., via the Missouri, Kansas, & Texas Railway Company to Wichita Falls, Tex., and from Wichita Falls over the Wichita Falls & Southern Railway to New Castle, Young county, Tex. When the car of corn in question was unloaded at New Castle, it was found to contain but 45,900 pounds, instead of 61,890 pounds as shown by the bill of lading. It appears that the shippers in Oklahoma upon receipt of the affidavit of the New Castle agent as to the actual number of pounds of corn received by him acknowledged that the original bill was incorrect, and they thereupon refunded a proportionate part of the purchase price to their immediate vendees, and the railway company in turn refunded to the shippers a proportionate part of the freight that had been charged and collected, and the main contention now made by appellants is that they are not liable for the discrepancy in weight; it being insisted that the undisputed evidence shows that but 45,900 pounds of corn was ever delivered in the first instance to the Missouri, Kansas, & Texas Railway Company.

[1] In view of the fact that the bill of lading attached to the draft and paid by appellees contained a provision to the effect that the railway company would not be held liable for any fault of the shippers or discrepancy in weights, we would have no hesitation in supporting the view of the law presented by appellant. See Hutchinson on Carriers, §§ 122, 125a; Pollard v. Vinton, 105 U. S. 7, 26 L. Ed. 998; Friedlander v. T. & P. Ry.

Co., 130 U. S. 423, 9 Sup. Ct. 570, 32 L. Ed. 991; Cohen Bros. v. M., K. & T. Ry. Co., 44 Tex. Civ. App. 381, 98 S. W. 437; Bath v. H. & T. C. Ry. Co., 34 Tex. Civ. App. 234, 78 S. W. 903.

[2-4] The difficulty, however, is that we feel unable to say that the evidence is undisputed that but 45,900 pounds were originally delivered for shipment. An employé of the shippers in Oklahoma, who bought and loaded the corn in question, made an affidavit which accompanied the bill of lading that the car contained 61,890 pounds, and he testified upon the trial by deposition that he bought and weighed the corn in question from farmers' wagons in Oklahoma and placed it in the car; that the weights as given by him were correct to his best knowledge; that he was without any interest in the matter and could give no explanation of the discrepancy suggested. It further appeared that Rentisville, where the car was loaded, was a nonagency station, and that the bill of lading was issued at Muskogee. While the car upon arrival at New Castle was found in good condition, with seals undisturbed, appellant failed to show by the evidence just when those seals were attached or by whom attached. The conductor of the appellant Missouri, Kansas, & Texas Railway Company testified that he received the car at Gainsville, Tex., and that the seals were then intact, and that the car was duly transported to Wichita Falls without disturbance. The conductor of the other railway company also testified that he received the car at Wichita Falls in good condition and that the same had been transported to New Castle without disturbance. No proof was offered, however, of the care of the car of corn from the time it was loaded by the servant of the shippers until the sealing of the car, nor, as stated, when, where, or by whom the car was sealed; nor were the circumstances of the transportation from the shipping point in Oklahoma to Gainsville shown.

The case was tried before the court without a jury, and there are no findings of fact on the part of the court; the judgment being generally for the appellees upon the facts as presented in the transcript before us. We cannot, therefore, say that the court found that but 45,900 pounds of corn, was originally delivered to the appellant Missouri, Kansas, & Texas Railway Company. On the contrary, we think every reasonable intendment of the evidence must be indulged in aid of the judgment, and that it is sufficient to support a finding by the court that the bill of lading truly specified the number of pounds of corn actually delivered for transportation. It follows that the transporting companies were undeniably liable for the deficiency in weight.

The judgment is, accordingly, affirmed.